UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

BOBBY C. LAWYER                                                    PLAINTIFF

v.                                          CIVIL ACTION NO. 5:09-CV-0068 DCB-JMR

UNITED STATES OF AMERICA                                           DEFENDANT

## FINAL JUDGMENT

ON MOTION of the parties for the entry of this Final Judgment, the Court, being advised that all matters in this litigation have now been concluded, as evidenced by the attached Settlement Agreement, finds and orders as follows:

IT IS ORDERED, ADJUDGED AND DECREED this Civil Action, numbered 5:09-CV-0068 DCB-JMR, is hereby dismissed with prejudice.

SO ORDERED, ADJUDGED AND DECREED this the 28th day of april, 2010.

_____
HONORABLE DAVID C. BRAMLETTE III
UNITED STATES DISTRICT JUDGE

Approved and Agreed:

_____
Joseph Paul Hudson, Esq.
Counsel for the Plaintiff

_____
David H. Fulcher
Assistant United States Attorney
United States Attorney's Office, Southern District of Mississippi
Counsel for the Defendant

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

BOBBY C. LAWYER                                                                          PLAINTIFF

v.                                               CIVIL ACTION NO. 5:09-CV-0068 DCB JMR

UNITED STATES OF AMERICA                                    DEFENDANT

## SETTLEMENT AGREEMENT

This Settlement Agreement is made and entered into by and between the plaintiff, BOBBY C. LAWYER, and the defendant, UNITED STATES OF AMERICA, acting through the United States Attorney, Southern District of Mississippi, for and on behalf of the U. S. Fish and Wildlife Service ("USFWS"), an agency of the U.S. Department of the Interior, in full compromise and settlement of the above-captioned litigation.

### I.    Nature of the Action

1.    The complaint, asserting a quiet title action against the United States pursuant to 28 U.S.C. §§ 1346(f) and 2409a(a), was filed on April 24, 2009. Copies of the summons and complaint were served on the United States.

2.    The plaintiff seeks to quiet title against the federal government as to approximately three acres of plain farmland in Sharkey County, Mississippi (the "Disputed Acreage") located within Section 22, Township 13 North, Range 7 West. The boundary lines between a tract owned by the United States (the "Herron Tract") and a tract owned by plaintiff and his family (the "Lawyer Tract) are in dispute. The two tracts abut each other at certain locations. The Herron Tract is maintained by the USFWS as part of the Yazoo National Wildlife Refuge.

## II. The Parties' Conflicting Claims of Interest in the Disputed Acreage

3. The USFWS acquired the Herron Tract following the default and foreclosure on a federal Farm Service Agency loan secured by the Herron Tract. In 1997, the United States procured a post-foreclosure survey of the Herron Tract by Gee & Strickland of Vicksburg, Mississippi that included the Disputed Acreage as part of the Herron Tract.

4. By contrast, plaintiff avers in the complaint that his paternal ancestors made a deeded purchase of the Disputed Acreage in the 1870's as an integral portion of the Lawyer Tract. Plaintiff further avers, in the alternative, that his ancestral family perfected title to the Lawyer Tract, including the Disputed Acreage, by adverse possession against the world, several decades before the claimed interest of the United States arose. For over a century, according to the complaint, plaintiff's family has, openly and exclusively, possessed, used and controlled the Disputed Acreage as an integral part of the Lawyer Tract.

## III. Good Faith Efforts to Resolve the Dispute

5. The parties have been in negotiations concerning this dispute since the filing of the lawsuit. By agreement of the parties, no answer or other response to the complaint has been filed, and no trial on the merits has taken place or been scheduled. Further, no findings of fact have been made and no conclusions of law have been rendered. Rather, shortly after commencement of the action, through their respective counsel, the parties agreed to discuss and examine pertinent history, documents, facts, events and allegations underlying the conflicting claims in order to assess prospects for a fair and appropriate resolution short of trial.

6. Accordingly, on various dates during 2009, counsel for the parties voluntarily disclosed and exchanged documents bearing on the dispute. Thereafter, during late July 2009,

representatives of the USFWS and the undersigned Assistant United States Attorney met face-to-face in Sharkey County, Mississippi, with the plaintiff, plaintiff's counsel, and certain of plaintiff's family members. Attendees at that meeting jointly:

    a. discussed substantive allegations in the complaint and evidence believed to support the allegations;

    b. reviewed partially-conflicting survey documents of the Herron Tract and the Lawyer Tract procured separately by the USFWS and the Lawyer Tract owners during the late 1990s;

    c. perused historical documents describing the Lawyer Tract, including deeds from the 19th century; adverse possession papers from the 1920s; loan-support due diligence papers prepared by Federal Home Loan Bank attorneys in the 1920s; and mineral exploration leasing documents from 1947 and 1950;

    d. examined photographs taken by the U. S. Department of Agriculture in each decade encompassing the 1950s and the 1990s, showing areas that included the Lawyer Tract and neighboring properties;

    e. reviewed recent U. S. Farm Service Bureau subsidy-related documents portraying the area that the Bureau treats as the specific [Lawyer-owned] farmland area eligible for subsidies;

    f. made a joint field visit to the adjoining Lawyer Tract and Herron Tract – including the Disputed Acreage – where the disputed boundaries were directly viewed, discussed and roughly measured by the meeting attendees; and

    g. interviewed a local commercial farmer – a potential trial witness – who represented that, pursuant to written leases, he and his employees had personally cultivated the Lawyer Tract – including the Disputed Acreage, which he treated as part of the Lawyer Tract – within each decade beginning in the 1960s, to date.

## IV. Decision to Resolve the Lawsuit Without Further Litigation

7. Based upon the above-referenced documents, discussions and activities, the parties concluded that the outstanding boundary dispute should be resolved to the mutual

Settlement Agreement *Lawyer v. United States,* Civil Action No.5:09-CV-0068 DCB-JMR
United States District Court for the Southern District of Mississippi

Page 3 of 6

satisfaction of all parties and that the above-captioned action should be settled without further litigation.

## V. Terms and Conditions of Settlement

8. By this agreement, the boundary lines between the Lawyer Tract and the Herron Tract shall be re-situated and established by agreement of the parties as follows:

   a. the northern boundary of the Lawyer Tract will be established eighteen (18) feet north of the line as previously marked by the USFWS pursuant to the 1997 survey by Gee & Strickland.

   b. the eastern boundary of the Lawyer Tract will be established fifty-five (55) feet east of the line as previously marked by the USFWS pursuant to the 1997 survey by Gee & Strickland.

   c. As a consequence of the described re-location of two claimed boundary lines between the Lawyer Tract and the Herron Tract, it follows, and is agreed by the parties, that the Northeast Corner of the Lawyer Tract is located at the point where the re-situated northern-most and eastern-most boundary lines of the Lawyer Tract meet.

9. A surveyor's rendering of the described, re-situated, boundary lines, including related measurements and other information, is attached hereto as Exhibit A [Boundary Line Agreement for FmHA Tract (11) dated December 7, 2009]. The rendering is based upon field work performed specifically for determining the proper placement of new boundary line markers and otherwise implementing the agreed-upon settlement.

10. In addition to the boundary lines established by this Settlement Ageement, the parties also agree to establish written easements on behalf of themselves and their respective heirs, executors, trustees, administrators, successors, and assigns, regarding ingress and egress over the access roads on or next to those agreed-upon boundary lines as shown on Exhibit A. The easements shall run with the land and shall be recorded in the official land records for

Settlement Agreement *Lawyer v. United States,* Civil Action No.5:09-CV-0068 DCB-JMR
United States District Court for the Southern District of Mississippi

Page 4 of 6

Sharkey County, MS. The parties agree to endeavor in good faith to cause the drafting and recording of such easements to be fully consummated within 120 calendar days after entry of an order of the Court approving the settlement herein. Until such time as the easements are recorded, the parties agree that each party and its heirs, executors, trustees, administrators, successors, and assigns shall have the right to use the access roads for ingress and egress from their respective properties.

11. The parties shall within 120 calendar days after entry of an order of the Court approving the settlement herein, or at a reasonable time agreeable to both parties, cause the boundary lines between the former Herron Tract and the Lawyer Tract to be formally described in survey papers or other documents suitable for recording in Sharkey County, Mississippi land records.

12. Pursuant to 28 U.S.C. 2409a(e), the United States of America, the defendant in the above-entitled lawsuit, hereby disclaims all interest in the real property that is in the area between the boundary lines as set forth in the 1997 post-foreclosure survey of the Herron Tract by Gee & Strickland and the new boundary lines as agreed to in this Settlement Agreement.

13. No admission of fault, wrongdoing or liability is made and will not be argued or deemed by either party to have been made or implied by the other party in connection with this settlement. The parties agree that a good faith disagreement underlay the conflicting views respecting ownership of the Disputed Acreage.

14. This Settlement Agreement is intended to be and shall constitute a full compromise and settlement of all claims and contentions relating to the subject matter of the above-captioned action. All terms and provisions hereof shall be binding upon and inure to the

Settlement Agreement *Lawyer v. United States,* Civil Action No.5:09-CV-0068 DCB-JMR
United States District Court for the Southern District of Mississippi

Page 5 of 6

benefit of the parties hereto, their respective heirs, executors, trustees, administrators, successors, and assigns. If any provisions hereof shall be declared by a court of competent jurisdiction to be invalid as contrary to law or public policy, such invalid provision shall not render this entire agreement null and void and all other provisions of this settlement shall remain valid and enforceable.

15. The parties represent that they have full authority to enter into this Settlement Agreement. Each party will exercise good faith and fair dealing in performance of the obligations entered into herein and will bear its own costs and attorneys fees. The parties through their respective counsel will jointly move the Court for an order approving this agreement and dismissing the above-captioned action with prejudice. To the extent that any dispute remains, the parties agree that the Court will retain jurisdiction to enforce this settlement.

WITNESS OUR SIGNATURES, as set forth below.

AGREED TO:

_Bobby C Lawyer_  
BOBBY C. LAWYER  
Plaintiff

FEBRUARY 02, 2010  
Date

_Joseph Paul Hudson_  
Joseph Paul Hudson  
Counsel for the Plaintiff

February 4, 2010  
Date

THE UNITED STATES OF AMERICA

Donald R. Burkhalter  
United States Attorney

_David Fulcher_  
By: David H. Fulcher  
Assistant United States Attorney  
Counsel for the Defendant

February 10, 2010  
Date

Settlement Agreement *Lawyer v. United States*, Civil Action No.5:09-CV-0068 DCB-JMR  
United States District Court for the Southern District of Mississippi

Page 6 of 6



Exhibit A to Settlement Agreement
Lawyer v. US 5:09-CV-0068 DCB JMR